Commonwealth ex rel. Insalaco *v.* Delconte et ux.,
Appellants.

Argued June 11, 1963. Before RHODES, P. J., ER-
VIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and
FLOOD, JJ.

*Charles J. Bufalino, Jr.,* with him *Charles J. Bufalino, Sr.,* for appellants.

*Arthur D. Dalessandro,* for appellee.

OPINION BY WRIGHT, J., July 12, 1963:

We are here concerned with a controversy involving the custody of Beverly Jean Insalaco and Deborah Ann Insalaco, presently aged nine and seven years, respectively, children of Sandy J. and Frances D. Insalaco. The mother of the children is dead, and the contesting parties are the father and the maternal grandparents, Michael Delconte and Rachael Delconte. Testimony was taken at nine hearings, and there is a voluminous record. The eventual disposition in the court below was an order awarding custody to the father. The maternal grandparents have appealed. We granted supersedeas pending argument and disposition of the appeal.

The parents of the children were married on August 2, 1952. Beverly Jean was born April 7, 1954. She is afflicted with diabetes and requires a daily injection of insulin. Deborah Ann was born January 18, 1956, and her physical condition is normal. The mother died September 27, 1961. For varying periods of time prior thereto, the parents and their children had resided with the maternal grandparents. Upon his wife's death the father agreed that the children should not be removed until the then current school

term ended on June 8, 1962. When custody was not transferred at that time, the instant habeas corpus proceeding was instituted.

This appeal has been thoroughly briefed and ably argued by counsel on both sides. There is no serious dispute either as to the facts or as to the applicable legal principles. The paramount consideration in custody cases is the welfare of the children involved, including their physical, intellectual, moral and spiritual well being, and all other considerations are subordinate: *Commonwealth ex rel. Snapir v. Snapir,* 196 Pa. Superior Ct. 38, 173 A. 2d 694. A parent is ordinarily entitled to the custody of his minor children, and this right will not be interfered with except for the most substantial reasons: *Commonwealth ex rel. Lees v. Lees,* 196 Pa. Superior Ct. 32, 173 A. 2d 691. While each case must finally rest on and be determined by its own facts, the general rule is that a father is entitled to the custody of his child as against one who is not its parent, and his right is so moving and cogent that it is forfeitable only by misconduct or other factors which substantially affect the child's welfare: *Commonwealth ex rel. Sabath v. Mendelson,* 187 Pa. Superior Ct. 73, 143 A. 2d 665.

The contentions advanced on appellants' behalf may be summarized as follows: It is argued that this appeal should be treated as a contest between two sets of grandparents, that the children should not be removed from the close relationship and intimate association which they have enjoyed with appellants, that the requested change in custody would be harmful to Beverly Jean's health, and that the order below is contrary to the expressed preference of both children. In his well-considered opinion containing thirty-five findings of fact and sixteen conclusions of law, the hearing judge determined these issues against the appellants. Because of the advantages which hearing judges have

to observe the parties, and because of the burden which the law imposes in appeals of this nature, we are reluctant to reverse orders of the courts below in custody cases: *Commonwealth ex rel. Martino v. Blough*, 201 Pa. Superior Ct. 346, 191 A. 2d 918.

Appellants have not shown, nor have they attempted to show, that the father is not a proper person to have custody of his children. It is not contended that the father has in any way forfeited his rights. He resides with his parents in a home which is entirely suitable and which is located in a wholesome environment. He is thoroughly familiar and experienced with injections, dietary supervision and control, urine specimen tests, and incidental procedures to be followed for diabetic patients. His mother and his married sister, who lives next door, will cooperate with him in providing adequate and proper supervision. The preference expressed by these small children does not demonstrate any lack of affection or inability on their father's part to properly care for them. As aptly stated by Judge SCHIFFMAN: "It would be unrealistic to remove him as a participant in this consideration of custody". Having made a painstaking review of the record, we are all of the opinion that the decision of the court below should not be disturbed.

Order affirmed.